UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

In re:

EATON MOERY ENVIRONMENTAL SERVICES, INC.   Case No. 10-14713
                                            Chapter 11
    Debtor.


### EMERGENCY MOTION TO MODIFY THE AUTOMATIC STAY

**COMES NOW** Delta Environmental Investments, LLC ("DEI"), by and through its attorneys, pursuant to 11 U.S.C. § 362(d)(1) and moves the Court to modify the automatic stay provisions of 11 U.S.C. § 362 to permit DEI to hold a special meeting of the shareholders of the Debtor in accordance with its rights under the by-laws of the Debtor and the applicable Arkansas corporate governance provisions.

DEI is the majority shareholder of the Debtor which possesses at a minimum 75% of the voting stock of the Debtor. Briland Venture Capital, LP ("Briland") is the majority member of DEI. Charles E. Bolton is the majority member of Briland.

On July 21, 2010, DEI sent out a notice ("July 2010 Notice") of a special shareholders meeting of the Debtor to take place on August 23, 2010 which sought election of new members of the Board of Directors, assessment of the current management of the Debtor, review of the financial status of the Debtor and current operations of the Debtor. The July 2010 Notice was met by a Complaint for Preliminary Injunction [see Adversary Proceeding 10-ap-01166][Doc No. 40] and an Ex Parte Motion for Temporary Restraining Order [Doc No. 41] both filed on August 10, 2010. That complaint and motion were both filed by the Debtor at the direction of Glen Eaton ("Eaton"), who serves as the president of the Debtor and as a director on the board.

The motion was immediately withdrawn by order dated August 12, 2010. Eaton owns approximately 9% of the Debtor.

On April 29, 2011, DEI again sent out a notice ("April 2011 Notice") of a special shareholders meeting of the Debtor to take place on May 9, 2011. This notice was for the purpose to remove Eaton and Brian Moery ("Moery") as directors of the Debtor. The April 2011 Notice has now again been met by the same opposition as the previous July 2010 Notice and Moery has filed a Complaint and Application for Injunctive Relief [see Adversary Proceeding 11-ap-01164] and a Motion for Preliminary Injunction [AP Doc No. 4] on May 5, 2011. The complaint states that the notice of DEI to seek a special shareholders meeting of the Debtor violates the automatic stay. Moery serves in the office of secretary of the Debtor and as a director. Moery owns approximately 14% of the Debtor.

DEI does not concede that the automatic stay provisions of § 362 are applicable to the matter at hand, but in the alternative that said provisions are applicable DEI seeks emergency relief from the automatic stay for cause as stated as follows:

Collectively, Eaton and Moery own approximately 23% of the shares of the Debtor, serve as the only two officers of the Debtor and control the majority of the board of directors.[1] DEI is not represented on the board despite owning the overwhelming majority of the shares of the Debtor. Accordingly, Eaton and Moery presume to have autonomous control of both the day to day operations of the Debtor in their capacity as the sole officers and moreover, answer to no one but themselves as they also control the majority of the board of directors. This fact is self evident by the reality that (i) Eaton and Moery alone authorized the filing of the bankruptcy petition in this case without consulting the remaining director Bob Ford nor did they inform DEI

---

[1] The Board of Directors has three directors: Eaton, Moery and Bob Ford. Bob Ford owns approximately 2% of the Debtor.

as the majority shareholder of the Debtor of their intent to put the company into bankruptcy and (ii) since the inception of the case neither Eaton nor Moery has called a meeting of the shareholders or the board of directors to discuss any critical aspect of the case progression including even the most significant of matters, the corporate plan of reorganization.

On March 24, 2011, the Debtor filed its disclosure statement ("Disclosure Statement") and plan of reorganization ("Plan") as proposed and authorized again solely by Eaton and Moery. The Disclosure Statement was so seriously inaccurate and misleading that DEI as well as various secured note holders of the Debtor were compelled to file an objection to force the Debtor to accurately disclose the true equity ownership of the Debtor as well as the current nature of the note holders secured claims. Notwithstanding the foregoing, the most egregious of the transgressions dealt with the specific Plan provision for treatment of Class IX Equity Security Holders in which Eaton and Moery propose to void the existing stock allocation and reissue 20,000 shares of new common stock for which Eaton will receive 9,525 shares (48%) and Moery will receive 3,525 shares (18%) (*see* Exhibit C to Plan). Again exhibit C is grossly inaccurate as it does not even contain DEI but it is assumed that DEI will receive 3,750 shares (19%). Three current employees of the Debtor, who previously had no interest, will each be awarded 1,000 shares (5%), and Bob Ford allocated 200 shares (1%).[2]

Not only does the current course of action taken by Eaton and Moery in their proposed Plan violate multiple provisions of the bankruptcy code, including but not limited to the absolute priority rule, it utterly necessitates their removal as directors of the Debtor to comport with the applicable law and standards governing the fiduciary duties of directors in self dealing transactions.

---

[2] Under the current Plan, Eaton and Moery will be vested collectively with 66% ownership of the company (previously 23%) and DEI will be reduced from 75% to 19%.

Eaton and Moery are using their respective positions of power in both an officer and director capacity to effectuate a hostile takeover of the Debtor veiled in a Chapter 11 bankruptcy case. The current actions of Eaton and Moery are less about the debt restructuring of the Debtor as the reallocation of corporate ownership. The most crucial aspect that Eaton and Moery voluntarily chose to transfer the vast majority stake in the Debtor to DEI in consideration of its approximately $2,400,000 investment into the Debtor in July 2007 remains conveniently omitted from all pleadings filed to date by the Debtor, Eaton and Moery. Apparently, Eaton and Moery remain steadfast in their position that the Debtor and all of its control must remain vested solely with them contrary to tenants of equity and corporate governance which the rest of corporate America adheres to. Further, on May 3, 2011, counsel for DEI was transmitted an email from counsel for the Debtor on behalf of Eaton that explicitly stated that if the shareholders meeting is not cancelled and other assurances are given that Eaton and Moery will not be removed during the confirmation process (after confirmation they cannot be removed as they will control the majority shares) then Eaton and all senior management will abandon the Debtor effective Friday, May 6, 2011. Such a position is tantamount to extortion in holding the company and its shareholders hostage under the unveiled threat of an abandonment in direct breach of Eaton and Moery's fiduciary duties as both officers and directors.

The Debtor through Eaton and Moery are also pursuing the substitution of lender in a previously approved DIP financing Order in which they propose to borrow funds from a lender in which Moery is the chairman of the board and granting that bank a super priority lien. This is just another example of the actions which necessitate the removal of Eaton and Moery as directors due to the complete lack of impartiality.

In a closely akin case involving both the removal of an officer of a debtor and two directors issuing themselves additional stock, the bankruptcy court found the proposition untenable, stating specifically that a director is a fiduciary and their powers are held in trust such that,

> He who is in such a fiduciary position cannot serve himself first and his *cestuis* second. He cannot manipulate the affairs of his corporation to their detriment and in disregard of the standards of common decency and honesty. He cannot by the intervention of a corporate entity violate the ancient precept against serving two masters.
> He cannot violate rules of fair play by doing indirectly through the corporation what he could not do directly. He cannot use his power for his personal advantage and to the detriment of the stockholders and creditors no matter how absolute in terms that power may be and no matter how meticulous he is to satisfy technical requirements. For that power is at all times subject to the equitable limitation that it may not be exercised for the aggrandizement, preference, or advantage of the fiduciary to the exclusion or detriment of the *cestuis.* Where there is a violation of those principles, equity will undo the wrong or intervene to prevent its consummation.
>
> *Ferrell v. Collamore and Selby (In re Alpha-Omega)*, 52 B.R. 846, 849 (Bankr.E.D.Penn.1985) citing *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939).

Further, "the automatic stay provisions of the Bankruptcy Code are not implicated by the exercise of shareholders' corporate governance rights". *In re Marvel Entertainment Group, Inc.*, 209 B.R. 832, 838 (D.Del.1997). And the Court of Appeals for the Second Circuit has held that the right of shareholders to compel a shareholders' meeting for the purpose of electing new board of directors subsists during reorganization proceedings. *In re John-Manville Corp.*, 801 F.2d 60, 64 (2d Cir. 1986).

In light of the foregoing and in the interest of equitable corporate fairness, the board of directors should in fact reflect the true composition of corporate equity ownership and as such cause exists pursuant to 11 U.S.C. § 362(d)(1) to modify the automatic stay to permit DEI to go forward with the special shareholders meeting to remove Eaton and Moery as directors.

**WHEREFORE,** DEI prays that the automatic stay be modified as set forth above and that it be permitted to conduct the special meeting of the shareholders of the Debtor, and for such other, further and general relief to which it may be entitled.

Respectfully Submitted,

**BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC**

/s/ R. Campbell Hillyer
James E. Bailey III (AR 94089)
R. Campbell Hillyer (TN 22124)
(admitted *pro hac vice*)
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
(901) 680-7200
cam.hillyer@butlersnow.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served on the United States Trustee, Debtor, Counsel for the Debtor, Counsel for Brian Moery and any other party receiving electronic notice (ECF) in this case on this 9th day of May, 2011.

R. Campbell Hillyer