IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

| | |
|---|---|
| EATON-MOERY ENVIRONMENTAL SERVICES, INC., <br><br> Debtor. | Case No. 2:10-14713 <br> **Chapter 11** |

RESPONSE TO EMERGENCY MOTION TO MODIFY THE AUTOMATIC STAY

Comes now C. B. Moery, Jr. ("Moery"), an interested party in this Chapter 11 proceeding, by and through his undersigned counsel, and for his response to the Emergnecy Motion to Modify the Automatic Stay filed by Delta Environmental Investments, LLC ("DEI"), respectfully states as follows:

1. Moery denies that good cause exists for modifying the automatic stay to allow DEI to call a special shareholders meeting to oust Moery and Glen Eaton ("Eaton") as members of the Board of Directors of the Debtor—a capacity in which they have served since the beginning of the operation of Debtor's business.

2. The Debtor has three members of its Board of Directors; namely, Moery, Eaton and Bob Ford. DEI acquired a majority interest in the Debtor in 2007 and has never voted to change the membership of the Board of Directors of the Debtor. Replacing 2 out of the 3 members of the board of directors of the Debtor with members selected by DEI would clearly transfer control of the Board of Directors to DEI.

3. On April 29, 2011, Briland Venture Capital LP ("Briland") sent a notice by regular mail to Moery and Eaton notifying them of a shareholder's meeting to be held on Monday, May 9, 2011 to remove them as members of the Board of Directors. On

1

information and belief, Briland is a member of DEI. Briland is not a stockholder in the Debtor. Briland has, however, filed a secured claim in this proceeding in the amount of $300,765.60. Briland is thus a significant creditor of the debtor. In addition, current or prior members of DEI have also filed secured claims in this proceeding totalling approximately $800,000.00.

4. Briland is, on information and belief, owned by Charles E. Bolton and Bolton serves as the manager of Briland. Bolton, on behalf of himself and other note holders of the Debtor has previously appeared twice in this action[1]. On November 15, 2010, Bolton filed an objection to the Debtor's Motion to Use Cash Collateral and to Incur Secured Debt [Doc. 83]. In addition, on April 7, 2011, Bolton, on behalf of himself and various secured note holders of the Debtor filed an objection the Debtor's Disclosure Statement [Doc. 156].

5. DEI has not filed anything in this proceeding until it filed the instant Emergency Motion to Modify Automatic Stay on May 9, 2011 along with an objection to substitute the DIP lender. On or about February 11, 2010, a Security Agreement and two Deeds of Trust were executed by the Debtor in favor of DEI and the previously unsecured note holders. The Disclosure Statement indicated that the Debtor believed the note holders "secured" claims would be subject to being set aside or subordinated.

6. It thus appears that DEI's attempt to exercise its purported rights to remove Moery and Eaton from the Board of Directors is being done to protect the rights of creditors of the Debtor and not out of genuine concern for the health, welfare and survival of the corporation.

---

[1] It is unclear what Mr. Bolton's role is on behalf of the note holders. He is believed to be the manager of Briland Venture Capital, LP which has filed a claim in this proceeding. Mr. Bolton, however, has not filed a claim as a note holder in this proceeding.

2

7. DEI cites *In re Marvel Entertainment Group, Inc.*, 209 B.R. 832, 838 (D.Del.1997) for the proposition that the automatic stay provisions are not implicated by the exercise of shareholder' corporate governance rights. *Marvel*, however is factual distinguishable. In *Marvel*, the party was attempting to exercise shareholder rights over Marvel Entertainment Group ("MEC") based upon its foreclosure of stock in MEC pledged by another debtor, Marvel Holding Companies. In other words, the party seeking to exercise shareholder rights was the creditor of another company, not the company for which it sought to replace the board of directors. In this case you have creditors of the Debtor, like Briland, who are attempting to exercise governing rights over the Debtor.

8. A more factually similar case to the one before this Court is *In re Bicoastal Corp.*, 1989 Bankr. LEXIS 2046 (Bankr. M.D. Fla. 1989). In that case, the bankruptcy court held that 11 U.S.C. § 362(a)(3) *did* apply to a creditor who was also a shareholder and was attempting to exercise a putative governance right to elect a majority of the board of directors of the Debtor.

9. 11 U.S.C. § 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The provision cannot be read in a vacuum but should be read with regard to the specifics of the case before the Court. In this case, the evidence will show that DEI is not acting to protect its interest as a shareholder but rather the interest of its members as creditors of the Debtor, that under the facts of this case 362(a)(3) is implicated and that no grounds exist for modifying the automatic stay.

WHEREFORE, Moery respectfully requests that the Court deny DEI's request to modify the stay and that he have such other and further relief as is just and proper.

Respectfully submitted,

FRIDAY, ELDREDGE & CLARK
Attorneys at Law
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201-3493
(501) 370-3304
light@fridayfirm.com

By: _____
Harry A. Light, #89222

Attorneys for C. B. Moery, Jr.

## CERTIFICATE OF SERVICE

I, Harry A. Light do hereby certify that a true and correct copy of the above and foregoing has been provided to the following attorneys of record by electronic mail through the Electronic Case Filing System or by email on this 18th day of May, 2011:

Charles T. Coleman, Esq.
WRIGHT, LINDSEY & JENNINGS
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201

James F. Dowden, Esq.
JAMES F. DOWDEN, P.A.
212 Center Street, 10th Floor
Little Rock, AR 72201

R. Campbell Hillyer
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
6075 Poplar Avenue, Suite 500
Memphis, TN 38119

By: _____
Harry A. Light