UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

In re:

EATON MOERY ENVIRONMENTAL SERVICES, INC.          Case No. 10-14713
                                                  Chapter 11
    Debtor.

**OBJECTION TO CONFIRMATION OF DEBTOR'S
FIRST AMENDED PLAN OF REORGANIZATION**

**COMES NOW** Stephen W. Nelson ("Nelson"), Gregory C. Firtik ("Firtik"), Briland Venture Capital, LP ("Briland"), and Delta Environmental Investment, LLC ("DEI") (herein collectively "Respondents") and file this objection to the First Amended Plan of Reorganization Dated as of August 23, 2011 (the "Plan")[Doc. No. 224] filed by the Debtor ("Debtor") in this case. In support of said objection, Respondents would state to the Court as follows[1]:

**A.**

**The Plan Does Not Meet the Requirements of Section 1129(a).**

Section 1129(b)(1) requires that the Debtor's Plan comply with all other applicable requirements of 1129(a) other than paragraph (8). Section 1129(a)(1) requires a plan to comply with the applicable provisions of the Bankruptcy Code. These provisions include Section 1122, which governs the classification of claims and interests, and Section 1123, which sets forth the mandatory and permissive contents of a plan.

    1.    **Section 1129(a)(1) (Plan Compliance With Title 11).**

        a)    **Section 1122 (Classification in General).**

---

[1] Respondents fully adopt and incorporate the statements contained in their Objection to the Debtor's Disclosure Statement [Doc. No. 156].

The Debtor's Plan does not comply with the requirements of 11 U.S.C. § 1122, specifically that the proposed Plan creates artificial separate classifications of creditors which are in fact substantially similar to each other. The Respondents are classified as Class VI in one section of the Debtor's Plan and then later in Class VIII in the class treatment section of the Plan.

        **b)**        **Section 1123 (Mandatory and Permissive Plan Contents).**

Section 1123 of the Bankruptcy Code sets forth the mandatory and permissive contents of a plan. The Plan does not comply with Section 1123 because it fails to meet certain mandatory provisions listed in Section 1123(a), as well as some of the permissive provisions listed in Section 1123(b).

The Plan specifically does not comply with the provisions of 1123(a)(4) in as much as the Plan classification and treatment does not provide for the same treatment for a claim or interest in a particular class. The Plan further does not comply with the provisions of 1123(a)(7) as the proposed selection of officers and directors under the Plan does not comport with the best interest of the creditors and equity security holders, specifically the single largest shareholder of the Debtor.

The Plan further does not comply with the provisions of 1123(b)(6) which allows only the permissive inclusion of those provisions not inconsistent with the subject title. Despite the clear language contained in Rule 7001, the Debtor purports to take an entire group of now secured creditors and classify them as unsecured subordinated equity holders without the need for an adversary proceeding but simply through a simple unsubstantiated plan treatment paragraph.

**2. Section 1129(a)(3) (Good Faith).**

As previously set forth in the pleadings filed in this matter by the Respondents, the sole purpose for this proposed reorganization is to effectuate a hostile takeover of the company veiled through a Chapter 11 Plan. The current management of the Debtor, who are currently in the vast minority, are proposing to take the more than 75% majority shareholder (DEI) of the Debtor and make it a 12% owner in the "new" Debtor; yet, the same current management shall become the 80%+ equity owner in the "new" Debtor.

**3. Section 1129(a)(5) (Disclosure of Officers, Directors and Insiders).**

The Plan completely fails to address this provision of 1129, specifically the disclosure of the identity, affiliation and compensation of the insiders proposed to be employed with the reorganized Debtor.

**4. Section 1129(a)(7) (Best Interests Test).**

The Plan is not in the best interest of the creditors nor will Respondents receive an amount not less than the amount of their claims if the Debtor was liquidated. Further, the Debtor has provided no explanation, assumptions or parameters for their liquidation analysis.

**5. Section 1129(a)(11) (Feasibility).**

The Plan and its proposed financial payments are not feasible given the Debtors current business operations with continued loss of clients and contracts. As seen from the objections already filed by other creditors (*see* Doc No. 236 Objection by Arkansas Dept. Finance), the Debtor is again failing to meet its post petition obligations including sales tax and wage withholding.

**B.**

**The Plan Fails to Meet the Requirements Set Forth in Section 1129(b)
of the Bankruptcy Code.**

Section 1129(b)(1) requires that the plan proponent "request" confirmation and that the plan "not discriminate unfairly" and be "fair and equitable" with respect to each rejecting impaired class. The Debtor has requested confirmation over the nonacceptance of any Impaired Class. The requirements that the Plan not discriminate unfairly and be fair and equitable with respect to the dissenting Classes are considered separately below.

1.  **Unfair Discrimination**

The Plan, as proposed, intentionally and openly targets the majority owner of the Debtor, DEI, as well as many other parties and individuals that the Debtor's current management in some way feel are or were affiliated with DEI. With the sole goal of the Debtor's management being to regain control of the Company while paying nothing for it.

2.  **Fair and Equitable**

Under Section 1129(b)(2)(A), a plan is fair and equitable with respect to a dissenting class of secured claims or interests when the plan provides that the holders of such claims (i) retain the liens securing such claims, (ii) receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim; or (iii) realize the indubitable equivalent of such claims. The Respondents are secured claimants of the Debtor and have filed secured proofs of claim reflecting such. The Debtor has not objected to those claims. The Plan does not comply with 1129(b)(2)(A) as to the treatment of the Respondents.

3.      **Absolute Priority Rule.**

In the alternative that the Respondents are adjudicated unsecured claimants, the Plan fails to meet the Absolute Priority Rule of Section 1129(b)(2)(B)(ii) as the Debtor's current management and minority equity owners will retain and increase their property position in the Debtor.

WHEREFORE, because the Plan is substantively defective in its non compliance with the applicable provisions of the Bankruptcy Code, Respondents would ask the Court to deny the confirmation of the Debtor's Plan and for any such further relief as is just and proper.

Respectfully Submitted,

**BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC**

/s/ R. Campbell Hillyer
James E. Bailey III (AR 94089)
R. Campbell Hillyer (TN 22124)
(admitted *pro hac vice*)
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
(901) 680-7200
(901) 680-7201 facsimile
cam.hillyer@butlersnow.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing was served on the United States Trustee, Debtor, Counsel for the Debtor and any other party receiving electronic notice (ECF) in this case on this 26th day of September, 2011.

/s/ R. Campbell Hillyer